RECEIPT # 67040
AMOUNT $ 250
SUMMONS ISSUED Y-4
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 9-21-05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT J. WELCH,<br>    Plaintiff<br><br>v.<br><br>CHRISTOPHER CIAMPA, Individually<br>and in his capacity as Police Chief of the<br>Town of Stoughton, Massachusetts;<br>TOWN OF STOUGHTON,<br>MASSACHUSETTS; RICHARD LEVINE,<br>Individually and in his capacity as<br>a Select Person for the Town of<br>Stoughton, Massachusetts; and<br>JOHN KOWALCZYK, Individually and<br>in his capacity as a Select Person<br>for the Town of Stoughton,<br>Massachusetts | 05 - 11916 GAO<br><br>MAGISTRATE JUDGE _Alexander_ |

**COMPLAINT, COMPENSATORY AND INJUNCTIVE RELIEF
REQUESTED, AND JURY DEMAND**

I.    <u>INTRODUCTION</u>.

    1.    This is an action brought pursuant to 42 U.S.C. §1983 challenging on First Amendment grounds the defendants' actions in removing the plaintiff from his position as head of detectives for the Town of Stoughton, Massachusetts because (1) he investigated and testified before a grand jury on matters relating to alleged misconduct involving the police chief of the Town of Stoughton; and (2) his refusal to publicly support or engage in election activity on behalf of a recall petition designed to reinstate

1

the former police chief of the Town of Stoughton. As set forth below, because plaintiff's conduct related to issues of public concern, plaintiff's removal from his position as supervisor of detectives violated the First Amendment. The plaintiff seeks compensatory and punitive damages, as well as attorney's fees and costs.

II.   PARTIES.

2.   The plaintiff, Robert J. Welch, is an adult resident of Stoughton, Massachusetts. He has been a uniformed officer of the Stoughton Police Department since 1987, a sergeant since 1999, and was head of the detective unit since July of 2000.

3.   The defendant, Christopher Ciampi, is currently the Acting Police Chief for the Town of Stoughton, Massachusetts. He resides in Stoughton, Massachusetts.

4.   The defendant, Town of Stoughton, Massachusetts, is a municipal corporation organized pursuant to the laws of the Commonwealth of Massachusetts, with a town/board of selectmen form of government.

5.   The defendant, Richard Levine, resides in Stoughton, Massachusetts, and is a Selectman for the Town of Stoughton, Massachusetts.

6.   The defendant, John Kowalczyk, is an adult resident of the Town of Stoughton, Massachusetts, and is a Selectman for the Town of Stoughton, Massachusetts.

III.   STATEMENT OF FACTS.

7.   The plaintiff, Robert J. Welch, has served as a police officer for the Town of Stoughton, Massachusetts for 18 years. In 1999, he was promoted to the position of sergeant, and in 2000 he was made the supervisor of the detective unit, the highest-ranking position in the detective division. The plaintiff's employment record is unblemished, having never been disciplined.

8.   Between 2000 and 2004, the plaintiff reported directly to then Chief Manuel Cachopa. Chief Cachopa expressed satisfaction with plaintiff's work on the detective unit and the two maintained a good professional relationship.

9.   In July of 2004, as a result of allegations regarding official misconduct by Chief Cachopa, Cachopa was removed from his position as chief by the then constituted Board of Selectmen and demoted to the rank of lieutenant. The issue of Chief Cachopa's removal became a matter of public concern within the Town of Stoughton, and caused considerable controversy among elected officials, citizens of the Town, and in local and regional newspapers.

10.   The plaintiff had known Chief Cachopa for many years and had a good working relationship with him. Accordingly, the plaintiff stayed neutral with respect to the controversy surrounding Chief Cachopa's removal. He neither indicated support for nor opposition to Chief Cachopa's removal.

11.   In August of 2004, the new Acting Chief, David Chamberlin, approached plaintiff, in his capacity as supervisor of detectives, and requested him to investigate several allegations of alleged police misconduct. One of the cases involved several

officers who were close personally and professionally to Chief Cachopa, and another case involved allegations relating to Chief Cachopa himself.

12.     As part of the investigation, the plaintiff located and interviewed potential witnesses and wrote reports relating to the investigation. As a result of this investigation, the collected information was turned over to the District Attorney's Office, which, in turn, started a grand jury proceeding to investigate the charges.

13.     In November of 2004, the plaintiff was subpoenaed to testify before the grand jury investigating the allegations relating to Chief Cachopa and the other Stoughton police officers. The plaintiff was called to testify as a result of his investigation into these allegations.

14.     After his removal as police chief, a group of police officers and Stoughton citizens, including Sgt. Christopher Ciampa, organized a recall petition designed to recall two of the five selectmen who had been responsible for removing Chief Cachopa from office. The primary issue upon which the recall campaign was based, was the reinstatement of Chief Cachopa. Many police officers in the Town of Stoughton, including Ciampa, strongly supported the recall petition so that Cachopa could be reinstated. In fact, Ciampa actively engaged in a electioneering activity on behalf of the recall petition, including holding signs, voicing strong vocal support, etc.

15.     Because, by the time of the election campaign, the plaintiff, as the head of detectives, was actively engaged in an investigation of Chief Cachopa, as he was ordered to do by the new acting chief, the plaintiff refused to engage in any political activity on behalf of the recall petition.

16. In November of 2004, the recall petition was successful, two selectmen were removed from office and replaced with two Cachopa supporters, defendants Levine and Kowalczyk. As a result, on November 24, 2004, Cachopa was reinstated as Chief of Police.

17. On November 18, 2004, while at the courthouse, in a waiting room, having been subpoenaed to testify before a grand jury, plaintiff was informed by Town Manager Mark Stankiewicz that the two newly elected Board of Selectmen wanted to get rid of plaintiff.

18. On November 30, 2004, after being reinstated to his position as Chief, Cachopa appointed Ciampa to the position of Deputy Chief.

19. Beginning in late 2004 and continuing through early 2005, Cacopha and Ciampa began treating plaintiff differently and less favorably than before. It was clear that they blamed plaintiff for not supporting Cachopa and for being involved in the grand jury investigation of the Chief.

20. On or about February 28, 2005, plaintiff went to Town Hall and spoke to a consultant hired by the Town to investigate the hostile work environment in the Stoughton Police Department. At that time, the plaintiff complained to the consultant about the hostile treatment that he was receiving from Cachopa and Ciampa.

21. On March 4, 2005, Chief Cachopa, along with the several other officers who the plaintiff had investigated, were indicted by a state superior court grand jury on numerous charges.

22. Shortly thereafter, plaintiff was approached by supporters of Cachopa and Ciampa, and asked if he would make a statement or otherwise support the proposition

5

that the charges against Cachopa were false. Plaintiff refused to make any statement, either in support of or in opposition to Cachopa and the indicted officers, as he felt that was inappropriate given his position as supervisor of detectives.

23.   In March of 2005, Ciampa was appointed acting chief while Cachopa was under indictment. On June 28, 2005, Ciampa contacted plaintiff and informed him that he was not going to be reappointed to the supervisor of detectives position.

24.   Plaintiff was devastated by this news as he had been performing his detective position to the best of his abilities during a difficult period in which he was asked to investigate members of his own department.

## COUNT I

### (42 U.S.C. § 1983)

25.   The actions of the defendants as set forth above constitute a violation of the First Amendment to the United States Constitution. This claim is asserted pursuant to 42 U.S.C. § 1983.

## COUNT II

26.   The actions of defendant Ciampa constitute tortious interference with advantageous business relations.

WHEREFORE, plaintiff requests this Honorable Court to grant preliminary and permanent injunctive relief reinstating him to the position of supervisor of detectives, and to grant him such other back pay, front pay, emotional distress and punitive

damages as to the Court deems just and proper.  Plaintiff also requests attorney's fees and costs for the prosecution of this action.

## JURY DEMAND

Plaintiff demands a trial by jury on all of his claims.

Respectfully submitted,

ROBERT J. WELCH,
By his attorneys,

Dated: September 21, 2005

_____
Harold L. Lichten, BBO #549689
Leah M. Barrault, BBO #661626
Pyle, Rome, Lichten, Ehrenberg &
 Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200